## 912.  YOUNG *v.* THE STATE.

1. This case is fully controlled, on the question of intent, by the decisions of this court in the cases of *Mulkey* v. *State,* 1 *Ga. App.* 521 (57 S. E. 1022), and *Patterson* v. *State,* Id. 782 (58 S. E. 284).

2. An essential element of the offense created by the act of 1903 (Acts, p.

90) is loss and damage to the hirer, caused by a breach of the contract;. and this essential element is not shown in this case.

Accusation of cheating and swindling, from city court of Tifton. —Judge Eve.   December 11, 1907.

Submitted January 14,—Decided January 27, 1908.

*Robley D. Smith,* for plaintiff in error.

*W. J. Wallace, solicitor,* contra.

HILL, C. J.   Young was convicted, in the city court of Tifton,. of procuring money on a contract to perform services, in violation. of the act of 1903 (Acts 1903, p. 90).   The contract in question was made between Young and the prosecutor, Timmons, and was. dated on the 4th day of May, 1907; and it recites that, in consid- eration of the sum of $110, which Timmons had on that day ad-- vanced to Young, Young agreed to work for Timmons for a term of one year from the date of the contract, or until all advances. made under the contract were fully paid.   Young was to receive from Timmons the sum of $19.50 per month, $11.50 of which was. to be used by Young for living expenses, and the balance of $8.00 per month was to be applied by Timmons to the repayment of the. advance of $110.   The evidence shows that the $110 which this contract recites as having been advanced by Timmons to Young constituted the following items:   $30 in cash which Timmons had advanced to Young on the contract at, the time of its date; and an agreement by Timmons to pay certain indebtedness which Young owed to "J. S. Taylor, W. S. Hendricks, and Mr. Poole."   As to these items of indebtedness, the State's evidence shows that the amount due Mr. Poole by Young, which amounted to $40, had never been 'paid by Timmons; and as to Young's indebtedness to Taylor and Hendricks, neither the amounts nor the fact of pay-- ment by Timmons as agreed in the contract is shown.   In other words, by the evidence for the State it is shown, that Timmons under the contract had advanced to Young only the sum of $30 in cash; that he had not paid the $40 of indebtedness due by Young to Poole, which he agreed to pay; and the evidence was silent as to whether he had paid the other indebtedness of Young which he assumed.   Young entered into a performance of the con-- tract.   He worked thereunder for about three months.   For these three months work Timmons owed him at the rate of $19.50 per

month, or $58.50 on the entire three months. Eleven dollars and a half of this amount Young had a right to use for living expenses per month; this made $34.50 for the entire three months. The balance, according to the evidence, was retained by Timmons as payments on the alleged advances which he had made under the contract for Young; but he had only advanced $30 in cash, and, so far as the evidence discloses, had not paid any portion of Young's indebtedness which he agreed under the contract to pay, nor had made any valid agreement with Young's creditors to pay said indebtedness. Therefore it appears from the State's evidence that at the time when Young, the defendant, is alleged to have fraudulently violated his contract, he had more than paid the advance of $30 in cash, and that the balance which was due him under the contract was retained by the prosecutor for the purpose of paying him for alleged advances made for Young in the payment of Young's debts, no part of which debts, according to the evidence he had paid.

The conviction in this case was wholly unauthorized, for three reasons: first, because there was an utter lack of evidence showing any fraudulent intent on the part of Young not to perform the services under the contract when the $30 in cash was advanced to him; second, because the evidence shows that instead of there being loss and damage to the hirer, Timmons, he had in his possession $21 of Young's money which he had not at the time applied to the payment of Young's debts according to his agreement; and third, because there was a breach of the contract by Timmons, the prosecutor himself, in his failure to pay the indebtedness of Young which he had agreed to pay and which was a part of the $110.

The verdict is without evidence. *Judgment reversed.*