## 1829.  HOLLOWAY *v.* THE STATE.

The conviction in this case was wholly unauthorized.

Accusation of cheating and swindling, from city court of La-Grange—Judge Harwell.  March 30, 1909.

Submitted May 4,—Decided May 20, 1909.

*E. R. Bradfield Jr.,* for plaintiff in error.

*Henry Reeves, solicitor,* contra.

HILL, C. J.   The plaintiff in error was convicted of a violation of the act of August 15, 1903 (Acts 1903, p. 90), making it a misdemeanor to fraudulently procure money on a labor contract.   The evidence for the State conclusively shows that the conviction was wholly unauthorized; and the prosecution seems to have been for the purpose of collecting an old debt, rather than to punish for the fraudulent procurement of money on a contract to perform labor.

On December 24, 1908, the defendant entered into a contract with the prosecutor to perform for him services as a laborer during the year 1909, at $12.50 per month, the contract to begin on January 1, 1909.   When the contract was made it seems that the defendant, according to the prosecutor, owed him an old debt of $23.50, and this sum was to be charged against the defendant and to be taken out of his wages during the year.   What time during the year this amount was to be deducted from his wages does not appear.   He began work under the contract on January 1, 1909, and worked until March 6, 1909, for which time his wages amounted to $28, and the prosecutor had only paid him of this amount the sum of $19.50.   So far as the contract was concerned, therefore, the prosecutor was due the defendant $8.50, when he had him arrested and prosecuted; and this fact utterly precludes the conclusion that there was any loss to the prosecutor, growing out of the contract; there was a loss to the defendant of $8.50 by reason of the failure of the prosecutor to pay him this amount of the wages which he had earned.   It was a misapplication of the law to treat the old debt which the defendant owed the prosecutor as money advanced on the contract.   Of course, the defendant could agree to such application of his wages if he desired to do so, but such agreement could not possibly change

·its character as a debt and make it money advanced on a contract, or make the defendant liable to a prosecution for a violation of the act of 1903, if subsequently he withdrew his consent for such application of his wages. This case is fully covered by previous decisions of this court, construing the act in question, notably the cases of *Mulkey* v. *State*, 1 *Ga. App.* 521 (57 S. E. 1022); *Fuller* v. *State*, 2 *Ga. App.* 696 (59 S. E. 1); *Young* v. *State*, 3 *Ga. App.* 463 (60 S. E. 117).     *Judgment reversed.*